UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELLIOT R. WHATLEY,

        Petitioner,

vs.                                Case No. 2:12-cv-37-FtM-99SPC

FLORIDA PAROLE COMMISSION and
ATTORNEY GENERAL STATE OF FLORIDA,

        Respondents.
_____

## OPINION AND ORDER

I.

This matter comes before the Court upon the *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition"), filed by Petitioner Elliot R. Whatley ("Petitioner") on January 19, 2012.[1] The Petition challenges Petitioner's

---

[1] The Petition was filed in this Court on January 23, 2012; however, the Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see also Natson v. U.S., 2012 WL 3793000 *1 (11th Cir. 2012)(noting that, absent respondent producing evidence to the contrary, the court presumes the date the prisoner delivered the pleading to prison officials is the date the prisoner signed the pleading). If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

revocation of Conditional Release[2] supervision by the Florida Parole Commission ("Respondent" or "FPC"). Petition at 1. Pursuant to the Court's Order to respond and show cause why the Petition should not be granted (Doc. #8), FPC filed a limited response seeking dismissal of the Petition on the grounds that the Petition is time barred pursuant to 28 U.S.C. § 2244(d).[3]  See

---

[2]"Conditional Release . . . is *not* an early release program. Conditional Release is an *extra* post-prison probation type program." Evans v. Singletary, 737 So. 2d 505 (Fla. 1999)(emphasis in original). "[I]nstead of going free as other offenders would do . . . these offenders are placed on supervision for the amount of time equal to the gain time they have accrued. If they violate their supervision, gain time is forfeited and the inmate is returned to prison to continue serving the sentence(s)." Id.

[3]On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

(continued...)

Respondent's Limited Response (Doc. #10, Response) at 1. Respondent submits exhibits (Exhs. A-B) in support of the Response. Petitioner was given admonitions and a time frame to file a reply to the Response (Doc. #8 at 5, ¶7), but elected not to file a reply. See generally docket. This matter is ripe for review.

II.

As an initial matter, the Court construes the Petition as a 28 U.S.C. § 2241 petition pursuant to Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004)(per curiam)(finding petition challenging actions of state parole commission is properly brought pursuant to § 2241, but subject to rules and regulation of § 2254). Based upon the record the Court finds the Petition is subject to dismissal as time-barred.

The FPC revoked Petitioner's conditional release effective April 20, 2005. Petition at 1; Exh. A. Although, revocation of conditional release is an administrative action, "it is considered

---

³(...continued)
    collateral review; or

    (D) the date on which the factual predicate of
    the claim or claims presented could have been
    discovered through the exercise of due
    diligence.

(2) The time during which a properly filed application
for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation
under this subsection.

to be pursuant to a judgment of a state court, properly governed by 28 U.S.C. § 2241 and 28 U.S.C. § 2254, subject to the one year statute of limitations found in 28 U.S.C. § 2244(d)." Van Zant v. Fla. Parole Com'n, 308 F. App'x 332, 334 (11th Cir. 2009)(citing Peoples, 393 F.3d at 1353). On **November 14, 2010**, more than five years after FPC's revocation order, Petitioner filed a state habeas petition. Exh. B. On January 21, 2011, the appellate court denied the petition. Id. Petitioner, however, garners no tolling of the federal limitations for his state habeas petition, because the federal limitations had already expired by the time Petitioner filed his state petition. Once the AEDPA's limitations period expires, it cannot be reinitiated. Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). More specifically, any filings by Petitioner after the one-year federal limitations period expired, "cannot toll that period because there is no period remaining to be tolled." Tinker 255 F.3d at 1333.

The Supreme Court recognizes that AEDPA's statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Id. at 2562 (internal

quotations and citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." Id. at 2565. Further, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d. 1257, 1267 (11th Cir. 2011). The petitioner bears the burden of establishing that equitable tolling applies. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). Petitioner offers no explanation or argument as to why he should be entitled to equitable tolling.

Based upon the foregoing, the Court finds the Petition is untimely and finds neither equitable tolling nor statutory applies to this case. Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008). Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED and ADJUDGED:**

1. The Petition (Doc. #1) is **DISMISSED** with prejudice as untimely.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice and close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Orlando, Florida, on this ___ day of February, 2013.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record